IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-00488-RBJ

ALTIGEN COMMUNICATIONS, INC.,

     Plaintiff,

v.

CTI COMMUNICATIONS, LLC, a Colorado limited liability company, and
RICHARD BROWNE, an individual,

     Defendants.

---

### ORDER ON MOTION FOR SUMMARY JUDGMENT

---

Altigen Communications, Inc. develops and licenses software-based business phone systems.  CTI Communications, LLC ("CTI") is a former reseller of Altigen systems; its principal is Richard Browne.[1]  In this lawsuit Altigen accuses defendants of copyright and trademark infringement, unfair competition, and violation of the Colorado Consumer Protection Act.  The case is set for a jury trial on July 27, 2020.  Defendants' motion for summary judgment, ECF No. 35, has been fully briefed and is now denied as explained herein.

**FACTS**

It appears to be undisputed that Altigen sells licenses to use its software to end-users, both directly and through authorized distributers and resellers.  Altigen owns three copyrights on versions of its software and has registered trademarks for the name "ALTIGEN" and for its logo.

---

[1] Defendants state that "CTI Communications, LLC" is an entity that has never done business, and that correct name of the defendant is "CTIcommunications.com, LLC."

From sometime before 2004 through February 2016, CTI was an authorized reseller of Altigen products.  On March 2, 2016 Altigen notified CTI that it was deauthorized as an Altigen reseller.

To a large extent that is where the parties' agreement on the facts ends.  Altigen alleges that, notwithstanding its deauthorization, CTI continued surreptitiously to sell and service Altigen products.  CTI is alleged to have done this by using a supposed sub-dealer agreement with Network Innovations, Inc., an authorized Altigen dealer.[2]  CTI counters that it was not selling licenses or systems but was simply continuing to service Altigen systems for its pre-deauthorization customers, and that Altigen was aware of, approved, and benefitted from its work.

In their motion for summary judgment defendants list 46 "undisputed facts."  ECF No. 35 at 1-11.  These facts are supported by the 13-page affidavit of Mr. Browne to which are attached 10 exhibits totaling another 44 pages of material.  In its response Altigen disputes 31 of the "undisputed facts," and supports its position with the affidavit of Altigen's Chief Executive Officer, Jeremiah Fleming, supported by seven exhibits totaling 374 pages of material.  ECF Nos. 40 at 1-9; 40-1 through 40-7; and 41.  Apparently sensing a potential problem, defendants began their reply, "The volume of evidence in opposition to Defendants' Motion does not dictate that there must be *material* facts in dispute."  ECF No. 44 at 1 (emphasis in original).  The reply is supported by another affidavit of Richard Browne, which in turn references seven more pages of exhibits.

I agree that neither the volume of evidence proffered by the parties nor the number of disputed facts is necessarily fatal to summary disposition.  I also find that some of plaintiff's

---

[2] In its Amended Complaint Altigen alleges that, as of February 19, 2019, CTI's website showed that CTI was still offering Altigen solutions to prospective customers.  ECF No. 11 at 4, ¶¶21-22.  However, today the link in the Amended Complaint, www.citcommunications.com, takes one to a website for LightHouse Business Information Solutions, LLC, an entity that acquired the assets of Network Innovations, Inc. effective June 3, 2019.  CTI is not mentioned in this website.

denials of "undisputed facts" are not truly responsive.  However, there are disputes about facts that appear, based on my understanding of the case, to be material and genuine, for example,

- The extent to which Altigen indicated a willingness to extend CTI's access to the Altigen license registration database or reseller portal after deauthorization, and how any such access would be obtained.  ECF No. 40, responses to CTI's "Undisputed Material Fact" Nos. 7 and 8 as set forth in ECF No. 35.

- Whether Altigen was pleased when it learned that CTI had formed a relationship with Network Innovations, and whether Altigen had actual knowledge of the sub-dealer agreement as early as March 24, 2016.  *Id.,* responding to "Undisputed Fact" No. 10.

- Whether CTI continued after deauthorization to provide services and sell software to Altigen customers as if it were still an authorized Altigen reseller.  *Id.,* responding to "Undisputed Fact" No. 12.

- Whether CTI remitted either directly or through Network Innovations all compensation due to Altigen or its distributor for the sales of Altigen products or services after deauthorization.  *Id.,* responding to "Undisputed Fact" No. 14.

- Whether CTI gained new customers for Altigen products after deauthorization.  *Id.*, responding to "Undisputed Fact" No. 19.

- Whether customers were confused by CTI's status after deauthorization.  *Id.* responding to "Undisputed Fact" No. 20.

- Whether, after deauthorization, Network Innovations purchased Altigen licenses for CTI's customers or CTI itself logged on to Altigen's portal and used Network Innovations' access to purchase licenses which CIT then sold to customers as if it were still an authorized reseller.  *Id.,* responding to "Undisputed Fact" No. 26.

- Whether CTI directly or indirectly copied Altigen's Max Communication Server Releases or permit them to be installed or used by an unlicensed end user. *Id.,* responding to "Undisputed Fact" Nos. 33-34.

- Whether CTI's webpage stated or implied that CTI was an authorized Altigen reseller after deauthorization. *Id.* responding to "Undisputed Fact" No. 40.

- Whether Altigen failed to ask CTI to cease using its trademarks when it deauthorized CTI. *Id.* responding to "Undisputed Fact" No. 41.

## CONCLUSIONS AND ORDER

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Based upon my examination of the briefs and exhibits I find that there are disputes of fact that appear to be material and genuine. I might have dismissed the Colorado Consumer Protection Act claim, but the motion and reply make only conclusory comments without meaningful argument. *See* ECF No. 35 at 18; ECF No. 44 at 9. Defendants' motion for summary judgment, ECF No. 35, is DENIED.

DATED this 16th day of June, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge