IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-00488-RBJ

ALTIGEN COMMUNICATIONS, INC.,

    Plaintiff,

v.

CTI COMMUNICATIONS, LLC, a Colorado limited liability company, and
RICHARD BROWNE, an individual,

    Defendants.

---

ORDER ON MOTION FOR ATTORNEY'S FEES

---

Altigen Communications, Inc. sued CTI Communications, LLC ("CTI"), a former reseller of Altigen systems, and its principal, Richard Browne, on claims of trademark infringement, copyright infringement, and violation of the Colorado Consumer Protection Act. The case was tried to a jury July 27-29, 2020. The jury found that plaintiff proved its trademark infringement claim, but not its claim that the infringement was willful. It awarded $3,190 in disgorgement of profits but no "actual damages." The jury found in favor of the defendants on the claims of copyright infringement and violation of the Colorado Consumer Protection Act. ECF No. 67 (Jury Verdict, redacted).

In an Amended Final Judgment the Court stated,

> The Court finds that, although the plaintiff prevailed on a portion of its trademark claim, the jury's award on that portion was only a tiny fraction of the damages plaintiff was seeking on the trademark claim. The defendant prevailed on the remainder of the trademark claim and on the plaintiff's copyright and Colorado Consumer Protection Act claims. The Court finds that, overall, the prevailing party was the defendant. Therefore, the Court awards costs to the defendant to be determined by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCIVR 54.1.

1

Defendants paid the $3,190 portion of the judgment. Costs were taxed by the Clerk in favor of the defendants in the amount of $3,854.24. ECF No. 83. I am not aware whether plaintiff has paid the taxed costs.

Defendants now move for an award of attorney's fees in the amount of $89,248.50 and non-taxable costs in the amount of $1,652.93, pursuant to 17 U.S.C. § 505 (concerning fees and costs in copyright actions). ECF Nos. 72 and 74.[1] Alternatively, defendants seek the same relief pursuant to the Colorado Consumer Protection Act. *Id.* Plaintiff opposes any award of attorney's fees and non-taxable costs. ECF No. 79. Plaintiff further argues that, in the event the Court does award fees or non-taxable costs, the Court should reduce the amount by one-third to account for defendants' "loss" on the trademark claim, and it should further exclude $15,850.50 of the amount requested as excessive and unreasonable. *Id.* In reply, plaintiffs quibble a little with the suggested $15,850.50 reduction, arguing that at most only $13,935 should be disallowed. ECF No. 84. Neither party has requested a hearing.

## CONCLUSIONS AND ORDER

**A. <u>Entitlement to an Award of Attorney's Fees and Costs</u>.**

1. <u>Copyright Claim</u>.

Altigen owned three copyrights on versions of its software. ECF No. 63 at 8 (Instruction No. 5). To establish a claim under the United States Copyright Law plaintiff had to prove that defendants reproduced or distributed a copyrighted work during the term of the copyright. *Id.* at 12 (Instruction No. 8). It failed to do so. ECF No. 67 at 6-7 (Jury Verdict, Redacted).

The United States Copyright Law provides, as pertinent to the pending motion, that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an

---

[1] In their motion defendants sought $1,243.09 in non-taxed costs, ECF No. 72, but they increased that amount by $418.84 as indicated and explained in a supplement. ECF No. 74. The supplement was filed before the filing of plaintiff's response brief.

>officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Altigen vigorously pursued its copyright claim even though, as defendants note, its CEO and primary fact witness, Jeremy Fleming, could not articulate the basis for the claim. *See* ECF No. 72 at 4. The claim as advocated by counsel was grounded generally in the notion that defendants willfully and illegally continued to hold out defendant CTI Communications, Inc. or a related entity (collectively "CTI") as authorized to sell Altigen software licenses and service customers after Altigen revoked CTI's authorized reseller status. The jury rejected the claim. I, too, was not persuaded by plaintiff's copyright claim. Rather, I find that the copyright claim was groundless, and that an award of fees is appropriate not only to compensate the defendants but also to deter others from pursuing objectively unreasonable copyright claims. Accordingly, I elect to exercise the discretion granted by the Copyright Law and award "full costs" including a reasonable attorney's fee to the defendants.

2. The Colorado Consumer Protection Act Claim.

To establish a claim under the Colorado Consumer Protection Act ("CCPA"), plaintiff had to prove that the defendants engaged (or caused another to engage) in a deceptive trade practice that significantly affected the public as actual or potential consumers of defendant's goods or services. ECF No. 63 at 13 (Instruction No. 9). The CCPA mandates an award of fees and costs if the claim is found to be "frivolous, groundless and in bad faith, or for the purpose of harassment." Colo. Rev. Stat. 6-1-113(3).

In denying summary judgment on the CCPA claim I noted, "I might have dismissed the Colorado Consumer Protection Act Claim, but the motion and reply make only conclusory comments without meaningful argument." ECF No. 47 at 4. Even if I assume for the sake of

3

argument that there was a deceptive trade practice, although in my judgment that was not proved, there was no credible evidence that the practice significantly affected the public.

However, while I find that the claim was groundlessness and borderline frivolous, I cannot find from the evidence that it was brought in bad faith or for purposes of harassment. To be sure, there was a suggestion of bad faith. Defendants believe that Altigen filed the suit in retaliation for defendants' recent successful state-court prosecution of a claim against Altigen for wrongfully terminating CTI as an authorized reseller. However, there was no direct evidence of that motive; and I find that there was insufficient circumstantial evidence of that motive to support a finding of bad faith to a preponderance of the evidence. Bad judgement yes, but neither bad faith nor the purpose to harass was proven.

    3. <u>Trademark Claim</u>.

I mention the trademark claim because the plaintiff spends a portion of its response brief arguing that this was not an "exceptional" trademark case. ECF No. 79 at 2-5. A trademark case can be deemed "exceptional" even if not entirely unfounded if it was pursued in a meritless and improper manner. *National Ass'n of Professional Baseball Leagues, Inc. v. Very Minor Leagues,* 223 F.3d 1143, 1149 (10th Cir. 2000) I also note that plaintiff devotes large portions of its response brief to arguing that its case was meritorious despite the vote of the jurors. *Id.* at 1-2. However, I need not decide whether the claim was "exceptional," because I am awarding full costs including reasonable attorney's fees under the Copyright Law.

    **B.  <u>Amount of Fees and Costs</u>.**

Generally, in determining the reasonableness of attorney's fees the Court first determines the "lodestar," meaning the product of hours reasonably expended times a reasonable hourly rate. The lodestar is presumed to a be a reasonable rate, although it is subject to adjustment by the Court. *See Robinson v. City of Edmund,* 160 F.3d 1275, 1281 (10th Cir. 1998). In determining

4

the reasonableness of the hours and rates, courts often apply the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974].[2]  The Colorado Rules of Professional Conduct provide a similar list of relevant factors.[3]  *See also Hensley v. Eckhart,* 461 U.S. 424, 433-34 (1983) (noting that the result obtained is one important factor in determining whether to adjust the fee upward or downward from the lodestar).  I have reviewed defense counsel's itemized billing records.  ECF No. 72-1 at 9-25.

I do not agree that the fees and costs should be reduced by one-third to account for plaintiff's "success" on the trademark claim.  I have no basis to distinguish between the time devoted to the copyright claim and the time devoted to the trademark claim or to find that the time billed would have been significantly different had plaintiff not included the trademark claim, nor has plaintiff even attempted to provide a basis for doing so.  Moreover, plaintiff essentially lost the trademark claim.  It sought $2 million in actual damages and was awarded nothing.  It sought $275,000 in disgorgement of profits and was awarded $3,190.  Considering the overall result obtained, discounting the lodestar by one-third would not be reasonable.

Plaintiff's objections to line items in defendants' fee bills fall into two categories: (1) $1,488 in fees and $135 in costs said to be related to defendants' unsuccessful effort to obtain attorney-client privileged information, and (2) $14,227.50 in fees said to be related to

---

[2] *Johnson* lists 12 factors for courts to consider in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 717-19.

[3] The Colorado Rules of Professional Conduct are found as an Appendix to Chapters 18 to 20, COLORADO COURT RULES – STATE (2018).  These factors identified in Rule 1.5 are (1) time and labor required, (2) likelihood of preclusion of other employment, (3) fee customarily charged in the locality, (4) amount involved and results obtained, (5) time limitations imposed by the client or circumstances, (6) nature and length of the professional relationship, (7) experience, reputation, and ability of the lawyer(s), and (8) whether the fee is fixed or contingent.

5

defendant's unsuccessful motion for summary judgment.  ECF No. 79 at 14-15.  Notably, plaintiff did not dispute the hourly rates charged by defense counsel, and on the Court's review of the rates, it agrees that they were reasonable for this community.  *See* ECF No. 72-1 at 4.  Plaintiff did not dispute the hours recorded other than those noted above.  I note that the itemized billings include 14.1 hours of "no charge" and three courtesy discounts.  *Id.*

I do not agree that the relatively small amount of fees and costs incurred in pursuing what was determined to be privileged information should be discounted.  Discovery disputes are common in civil litigation, and the fact that the defendants were unsuccessful in this one does not mean that the effort was unreasonable.  However, I do agree that the fees incurred in defendants' unsuccessful pursuit of a motion for summary judgment should not be awarded.  That is not to say that such fees should never be awarded.  However, in denying the motion for summary judgment, the Court listed ten different fact disputes that it found to be material and genuine.  ECF No 47 at 3-4.  Summary judgment motions should not be a routine or "just because we can" occurrence.  They contribute significantly to the costs incurred by both parties and Court time.  In this instance a summary judgment motion had essentially no chance of prevailing.  Both because it would be unfair to make plaintiff pay defendants' fees for pursuing a non-meritorious motion for summary judgment and as an example to others, the Court declines to award those fees.

In its reply brief defendants indicted that if the Court disallowed fees related to the summary judgment effort, the amount disallowed should be $13,835 rather than $14,227.50 as requested by the plaintiff.  ECF No. 84 at 7.  The difference is minimal, but defendants' explanation for it is reasonable.  Plaintiff did not dispute the non-taxable costs other than the $135 noted above.  Inasmuch as the statute allows for the award of "full costs," the requested amount will be awarded.

6

**ORDER**

Defendants' motion for an award of attorney's fees and non-taxable costs, ECF No. 72, is GRANTED IN PART and DENIED IN PART. Attorney's fees are awarded to the defendants and against the plaintiff in the amount of $75,413.50. Costs not already taxed by the Court are awarded in the amount of $1,652.93. A Second Amended Final Judgment will issue reflecting those awards and reflecting the award of costs taxed by the Clerk in the amount of $3,854.24 in favor of the defendants and against the plaintiff.

DATED this 23rd day of November, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge